UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DENNIS BERNARD BATES, JR. | CIVIL ACTION NO. 08-cv-1340 |
| VERSUS | JUDGE HICKS |
| REGIONS BANK | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Dennis Bernard Bates, Jr. ("Plaintiff") filed this civil action against Regions Bank. A federal court such as this one has limited jurisdiction and the power to hear only certain kinds of civil cases. The most frequent grounds for the exercise of federal court jurisdiction are (1) when the parties are citizens of different states and the amount in controversy exceeds $75,000 and (2) when the plaintiff's claim relies on federal rather than state law. Plaintiff's complaint is somewhat difficult to understand, but the thrust of it appears to be dissatisfaction with the defendant bank's handling of certain deposits, checks, and withdrawals related to Plaintiff's bank account.

Plaintiff does not invoke any federal statute, and there is no federal claim evident from the complaint. Rather, the suit appears to be a state law claim for breach of contract or Louisiana statutes governing banking transactions. This court could exercise jurisdiction over such a state law claim only if both Plaintiff and the bank are citizens of different states and the amount in controversy exceeds $75,000. It is possible, although Plaintiff does not so allege with specificity, that Plaintiff and Regions Bank are citizens of different states. The

precise amount in controversy is difficult to determine, but the transactions about which Plaintiff complains are each for a few hundred dollars or less, and their total would not exceed $75,000.

Plaintiff, as the person invoking federal jurisdiction, has the burden of overcoming the presumption that federal jurisdiction does not exist. Plaintiff has not squarely pleaded a federal law claim, and his complaint does not include facts that would support a finding of diversity jurisdiction. This court should, therefore, dismiss his case for lack of subject matter jurisdiction. Plaintiff will have to pursue his claims in a state court.

A similar recommendation was made recently in <u>Bates v. Community Bank of Louisiana</u>, 08-cv-1457, in which Plaintiff asserted similar claims against another bank. Plaintiff has also filed a third suit, <u>Bates v. Sheriff of Bossier Parish</u>, 08-cv-1455, which alleges Fourth Amendment violations related to an arrest. The complaint in this case against Regions Bank has attached to it some pages of the complaint and exhibits from 08-cv-1455. Those claims, which have no alleged relationship to the claims against Regions Bank are not properly joined in this action, so they will not be addressed herein.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed without prejudice** for lack of subject matter jurisdiction.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of October, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE